```
                 IN THE UNITED STATES DISTRICT COURT

                     FOR THE DISTRICT OF NEBRASKA

BONG H. CHAE,                  )
                               )
              Petitioner,      )       8:09CV416
                               )
        v.                     )
                               )
ROBERT HOUSTON, Director of    )       ORDER
Department of Correctional     )
Services,                      )
                               )
              Respondent.      )
_____)
```

The Court has conducted an initial review of the Petition for Writ of Habeas Corpus (Filing No. 1) to determine whether the claims made by petitioner are, when liberally construed, potentially cognizable in federal court. Petitioner has made eight claims.

> The claims asserted by petitioner are:
>
> > Claim One: The trial court and the Nebraska Court of Appeals should not have applied the doctrine of claim preclusion to petitioner's post-conviction claim of ineffective assistance of counsel.
> >
> > Claim Two:[1] Petitioner was denied the effective assistance of counsel in violation of the Sixth and Fourteenth Amendments *because* petitioner's trial counsel (1) failed to file a motion alleging that petitioner was not responsible

---

[1] Claim Two presented in this order includes the claims set forth in the petition as Grounds Two, Three, and Five (Filing No. 1 at CM/ECF pp. 7, 8, and 12).

by reason of insanity;[2] (2) advised petitioner to plead to the crime of false imprisonment; (3) advised petitioner to waive his right to a speedy trial; and (4) did not object to the false information offered at petitioner's sentencing hearing.

Claim Three: Petitioner was denied the Fifth Amendment's guaranty against double jeopardy *because* petitioner was convicted of two identical counts of arson.

Claim Four: Petitioner was denied the Sixth Amendment's guaranteed right to a speedy trial.

Claim Five: Petitioner was denied the effective assistance of counsel in violation of the Sixth and Fourteenth Amendments *because* petitioner's appellate counsel did not argue that petitioner's trial counsel was ineffective for advising petitioner to waive his right to a speedy trial.

Claim Six: Petitioner was denied due process of law in violation of the Fourteenth Amendment *because* petitioner was not allowed to review the presentence investigation report prior to his sentencing hearing.

Claim Seven: Petitioner was denied due process of law in violation of the Fourteenth Amendment because his no contest plea was not entered voluntarily, intelligently, and knowingly.

---

[2] Claim Two-Part One relates to the conduct of trial attorneys Christopher Lathrop and Jackie Barfield. Parts Two through Four relate only to Jackie Barfield.

> Claim Eight: Petitioner was denied due process of law in violation of the Fourteenth Amendment because the district court failed to respond promptly to petitioner's motion for post-conviction relief, which resulted in an unjust delay in the administration of justice.

Liberally construed, the Court preliminarily decides that Claims Two through Eight are potentially cognizable in federal court. However, the Court cautions that no determination has been made regarding the merits of these claims or any defenses thereto or whether there are procedural bars that will prevent petitioner from obtaining the relief sought.

Liberally construed, the Court decides that Claim One is not cognizable in a federal court habeas action. This Court is limited to deciding whether a state court conviction violated the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254. Claim One involves questions of state law that have already been decided by a state court. *Lupien v. Clarke*, 403 F.3d 615, 619 (8th Cir. 2005).[3] Accordingly,

IT IS ORDERED:

1. Upon initial review of the Petition (Filing No. 1), the Court preliminarily determines that petitioner's Claims Two through Eight are potentially cognizable in federal court.

---

[3] In the event petitioner intends to respond to a procedural default argument by respondent by alleging the issues he has presented in Claim One, he must do so in a responsive brief filed in accordance with the Court's progression schedule below.

     2.   The Court determines that petitioner's Claim One is not cognizable in a federal court habeas action and is therefore dismissed.

     3.   The clerk of the court is directed to mail copies of this Order and the petition to respondent and the Nebraska Attorney General by regular first-class mail.

     4.   By January 9, 2010, respondent shall file a motion for summary judgment or state court records in support of an answer. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: January 9, 2010: deadline for respondent to file state court records in support of answer or motion for summary judgment.

     5.   If respondent elects to file a motion for summary judgment, the following procedures shall be followed by respondent and petitioner:

> A. The motion for summary judgment shall be accompanied by a separate brief, submitted at the time of the filing of the motion.
>
> B. The motion for summary judgment shall be supported by such state court records as are necessary to support the motion. Those records shall be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."
>
> C. Copies of the motion for summary judgment, the designation, including state court records, and

respondent's brief shall be served upon Petitioner *except* that respondent is only required to provide petitioner with a copy of the specific pages of the record which are cited in the respondent's brief. In the event that the designation of state court records is deemed insufficient by petitioner, petitioner may file a motion with the court requesting additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days following the filing of the motion for summary judgment, petitioner shall file and serve a brief in opposition to the motion for summary judgment. Petitioner shall submit no other documents unless directed to do so by the court.

E. No later than 30 days after the filing of Petitioner's brief, Respondent shall file and serve a reply brief. In the event that the respondent elects not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the motion is therefore fully submitted for decision.

F. If the motion for summary judgment is denied, respondent shall file an answer, a designation and a brief that complies with terms of this order. (*See* the following paragraph.) The documents shall be filed no later than 30 days after the denial of the motion for summary judgment.

-5-

      6.   If respondent elects to file an answer, the following procedures shall be followed by respondent and petitioner:

    A. By January 9, 2010, respondent shall file <u>all</u> state court records which are relevant to the cognizable claims. *See, e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Those records shall be contained in a separate filing entitled: "Designation of State Court Records In Support of Answer."

    B. No later than 30 days after the filing of the relevant state court records, respondent shall file an answer. The answer shall be accompanied by a separate brief, submitted at the time of the filing of the answer. Both the answer and brief shall address all matters germane to the case including, but not limited to, the merits of petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See, e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

    C. Copies of the answer, the designation, and respondent's brief shall be served upon the petitioner at the time they are filed with the court *except* that respondent is only required to provide the petitioner with a copy of the

-6-

specific pages of the designated record which are cited in respondent's brief.  In the event that the designation of state court records is deemed insufficient by petitioner, petitioner may file a motion with the court requesting additional documents.  Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

   D. No later than 30 days following the filing of respondent's brief, petitioner shall file and serve a brief in response.  Petitioner shall submit no other documents unless directed to do so by the court.

   E. No later than 30 days after the filing of petitioner's brief, respondent shall file and serve a reply brief.  In the event that respondent elects not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

   F. The clerk of the court is directed to set a pro se case management deadline in this case using the following text:  February 8, 2010: check for respondent to file answer and separate brief.

7. No discovery shall be undertaken without leave of the Court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

DATED this 2nd day of December, 2009.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court