IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

```
BONG H. CHAE,                    )
                                )
               Petitioner,      )          8:09CV416
                                )
          v.                    )
                                )
ROBERT HOUSTON, Director of     )       MEMORANDUM OPINION
Department of Correctional      )
Services,                       )
                                )
               Respondent.      )
_____)
```

This matter is before the Court on Petitioner Bong H. Chae's ("Chae") Petition for Writ of Habeas Corpus ("Petition") (Filing No. 1).  Respondent filed an answer (Filing No. 37), brief on the merits of the petition (Filing No. 38)[1], and relevant State Court Records (Filing Nos. 8, 9, and 21).  Chae filed briefs, and supplements to his briefs, in response to the answer (Filing Nos. 25, 28, 40, and 41.)  This matter is therefore deemed fully submitted.

Liberally construing the allegations of Chae's petition, he argues that he is entitled to a writ of habeas corpus because:

Claim One:     The trial court and the Nebraska Court of
               Appeals should not have applied the doctrine

---

[1] Because he omitted a response to one of Chae's claims in his original submission, respondent filed several amendments to his answer and brief on the merits of the petition.  The Court only considers the second amended initial brief, as it appears to contain all of the information set forth in respondent's earlier filings (Filing Nos. 37 and 38).

of claim preclusion to Chae's post-conviction claim of ineffective assistance of counsel.

Claim Two:       Chae was denied the effective assistance of counsel in violation of the Sixth and Fourteenth Amendments because his trial counsel (1) failed to file a motion alleging that Chae was not responsible by reason of insanity; (2) advised Chae to plead to the crime of false imprisonment; (3) advised Chae to waive his right to a speedy trial; and (4) did not object to the false information offered at Chae's sentencing hearing.

Claim Three:     Chae was denied the Fifth Amendment's guaranty against double jeopardy because he was convicted of two identical counts of arson.

Claim Four:      Chae was denied the Sixth Amendment's guaranteed right to a speedy trial.

Claim Five:      Chae was denied the effective assistance of counsel in violation of the Sixth and Fourteenth Amendments because Chae's appellate counsel did not argue that Chae's trial counsel was ineffective for advising him to waive his right to a speedy trial.

Claim Six:       Chae was denied due process of law in violation of the Fourteenth Amendment because he was not allowed to review the presentence investigation report prior to his sentencing hearing.

Claim Seven:     Chae was denied due process of law in violation of the Fourteenth Amendment because his no contest plea was not entered voluntarily, intelligently, and knowingly.

Claim Eight:     Chae was denied due process of law in violation of the Fourteenth Amendment because the district court failed to respond promptly

> to his motion for post-conviction relief,
> which resulted in an unjust delay in the
> administration of justice.

(Filing No. 1.)

***BACKGROUND***

## I.   *Chae's Conviction and Direct Appeal*

On February 26, 2007, Chae pled no contest to one count of false imprisonment and one count of second degree arson (Filing No. 8-2, Attach. 2, at CM/ECF p. 53). The Douglas County, Nebraska, District Court thereafter sentenced Chae to serve a prison term of three-five years on the false imprisonment conviction and five-ten years on the arson conviction, with the sentences to be served consecutively to each other. (*Id.* at CM/ECF p. 55.) Chae filed a timely direct appeal arguing Claim Two (Part One) and that the sentence imposed was excessive (Filing No. 8-3, Attach. 3, at CM/ECF pp. 1-12). The Nebraska Court of Appeals summarily affirmed the convictions and sentences on December 12, 2007 (Filing No. 8-5, Attach. 5, at CM/ECF p. 1). Chae filed a petition for further review with the Nebraska Supreme Court, which overruled the petition for further review on January 16, 2008, without issuing an opinion (Filing No. 8-7, Attach. 7, at CM/ECF p. 1).

## II.   *Chae's Post-Conviction Motion and Appeal*

On February 21, 2008, Chae filed a verified motion for post-conviction relief in the Douglas County District Court and an amendment to that motion on March 5, 2008 (together, the

-3-

"Post-Conviction Motion") (Filing No. 8-9, Attach. 9, at CM/ECF pp. 34-61, 70-74).  Liberally construed, the Post-Conviction Motion set forth, among other things, Claims Two through Seven.  (*Id.*)  The Douglas County District Court declined to hold an evidentiary hearing and denied relief on all claims asserted in the Post-Conviction Motion.  (*Id.* at CM/ECF pp. 85-87.)  Chae filed a timely appeal of the denial of post-conviction relief.  On appeal, Chae assigned several errors, encompassing portions of Claims Two through Seven (Filing No. 8-10, Attach. 10, at CM/ECF pp. 1-28).  On September 17, 2009, the Nebraska Court of Appeals affirmed the Douglas County District Court's denial of post-conviction relief in a detailed opinion (Filing No. 8-13, Attach. 13, at CME/CF pp. 1-12).  Details of the Nebraska state court opinions are set forth where necessary in the Court's analysis below.  Chae filed a petition for further review with the Nebraska Supreme Court, which again denied relief to Chae on October 21, 2009 (Filing No. 8-15, Attach. 15, at CM/ECF p. 1).  On November 19, Chae timely filed his petition in this Court (Filing No. 1).

### ANALYSIS

### I.   Claims One and Eight

As set forth in the Court's December 2, 2009, order, "[t]his Court is limited to deciding whether a state court conviction violated the Constitution, laws, or treaties of the

-4-

United States.  28 U.S.C. § 2254.  Claim One involves questions of state law that have already been decided by a state court. *Lupien v. Clarke*, 403 F.3d 615, 619 (8th Cir. 2005)." (Filing No. 6 at CM/ECF p. 3.)  Based on these findings, this Court dismissed Claim One.  (*Id.* at CM/ECF p. 4.)  Although Claim Eight appeared to raise issues of state law only, on initial review, the Court liberally construed this claim as a due process claim and permitted it to proceed to full briefing.  (*Id.*)

As the Supreme Court has long-held, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).  In addition, although a habeas petitioner may characterize claims as due process violations, "errors of state law cannot be repackaged as federal errors simply by citing the Due Process Clause." *Carson v. Director of the Iowa Dep't of Corr. Servs.*, 150 F.3d 973, 975 (8th Cir. 1998) (quotation omitted).  A habeas petitioner must therefore "point to the Supreme Court precedent" that he believes the state court "acted contrary to or applied unreasonably." *Evenstad v. Carlson*, 470 F.3d 777, 783 (8th Cir. 2006) ("Evenstad's claims boil down to an issue of Minnesota state law and his attempt to recast the issue in a constitutional light is unavailing.").  Moreover, errors in state post-conviction proceedings are not cognizable in a federal habeas corpus action. *Bell-Bey v. Roper*, 499 F.3d 752, 756 (8th

-5-

Cir. 2007) ("Any error in [the petitioner's] state post-conviction proceeding is not a constitutional error that could justify granting an application for a writ of habeas corpus.").

Here, Chae's Claim Eight argues that he is entitled to habeas corpus relief because the Douglas County District Court delayed resolution of his post-conviction motion for several months (Filing No. 1). At best, Chae has attempted to "repackage" an error in his state post-conviction proceedings as a due process violation. However, Claim Eight is clearly a challenge relating to Chae's post-conviction proceedings, and this Court lacks the power to review that claim. Moreover, Chae does not point out any Supreme Court precedent which was unreasonably applied relating to Claim Eight. In light of this, Claim Eight will be dismissed and Claim One remains dismissed.

## II. *Claims Two (Parts Two-Four), Three, Four, Six, and Seven*

### A.   Standards for Exhaustion/Procedural Default

As set forth in 28 U.S.C. § 2254(b)(1):

> (1)   An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that --
>
> (A)  the applicant has exhausted the remedies available in the courts of the State; or

-6-

> (B)(I)there is an absence
> of available State
> corrective process; or
> (ii)  circumstances exist
> that render such process
> ineffective to protect
> the rights of the
> applicant.

28 U.S.C. § 2254(b)(1).

The United States Supreme Court has explained the habeas exhaustion requirement as follows:

> Because the exhaustion doctrine is
> designed to give the state courts a
> full and fair opportunity to
> resolve federal constitutional
> claims before those claims are
> presented to the federal
> courts . . . state prisoners must
> give the state courts one full
> opportunity to resolve any
> constitutional issues by invoking
> one complete round of the State's
> established appellate review
> process.

O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). A state prisoner must therefore "fairly present" the substance of each federal constitutional claim to the state courts *before* seeking federal habeas relief. *Id.* at 844. In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner. *See Akins v. Kenney*, 410 F.3d 451, 454-55 (8th Cir. 2005).

-7-

Moreover, where "no state court remedy is available for the unexhausted claim -- that is, if resort to the state courts would be futile -- then the exhaustion requirement in § 2254(b) is satisfied, but the failure to exhaust 'provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default.'" *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005) (quoting *Gray v. Netherland*, 518 U.S. 152, 162 (1996)).  Stated another way, if a claim has not been presented to the Nebraska appellate courts and is now barred from presentation, the claim is procedurally defaulted, not unexhausted.  *Akins*, 410 F.3d at 456 n. 1.

Under Nebraska law, "[a]n appellate court will not entertain a successive motion for post-conviction relief unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time the movant filed the prior motion." *State v. Ortiz*, 670 N.W.2d 788, 792 (Neb. 2003).  Additionally, "[a] motion for post-conviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal." *Hall v. State*, 646 N.W.2d 572, 579 (Neb. 2002).  In such circumstances, where a Nebraska state court rejects a claim on state procedural grounds, and "issues a plain statement that it is rejecting petitioner's

-8-

federal claim on state procedural grounds," a federal habeas court is precluded from "reaching the merits of the claim." *Shaddy v. Clarke*, 890 F.2d 1016, 1018 (8th Cir. 1989); *see also* *Greer v. Minnesota*, 493 F.3d 952, 957 (8th Cir. 2007) (reiterating that "when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement," federal habeas is barred because "[i]n such instances, the state prisoner forfeits his right to present his federal claim through a federal habeas corpus petition") (quotations omitted).  However, the state court procedural decision must "rest[] on independent and adequate state procedural grounds." *Barnett v. Roper*, 541 F.3d 804, 808 (8th Cir. 2008) (quotation omitted).  "A state procedural rule is adequate only if it is a firmly established and regularly followed state practice." *Id.* (quotation omitted).  Even where a claim has been procedurally defaulted, a petitioner is entitled to an opportunity to demonstrate cause and prejudice to excuse the default. *Akins*, 410 F.3d at 456 n. 1.

     **B.   Chae's Claims**

          As set forth above, Chae arguably raised Claim Two (Part One) in his direct appeal to the Nebraska Court of Appeals, but did not raise any of his remaining habeas claims on direct appeal (Filing No. 8-2, Attach. 2, at CM/ECF pp. 1-22).  Liberally construed, Chae then raised Claims Two (Parts Two-

                              -9-

Four), Three, Four, Six, and Seven in his post-conviction motion
and appeal (together, the "Post-Conviction Claims").
Importantly, Chae had different counsel for his direct appeal
than the counsel who represented him at trial.  (*Id.* at CM/ECF
pp. 18-19, 56, 58.)

        The Nebraska courts rejected the post-conviction claims
in their entirety.  In doing so, the Nebraska courts found that
Chae either raised or could have raised the post-conviction
claims on direct appeal.  Specifically, the Nebraska Court of
Appeals determined that, except for his claim relating to the
ineffective assistance of appellate counsel,[2] "a defendant cannot
secure post-conviction review of issues which were or could have
been litigated on direct appeal. . . . Chae was either aware of
these issues or they were apparent from the record.  Because Chae
could have raised the claims on direct appeal, they are now
procedurally defaulted."  (Filing No. 8-13, Attach. 13, at CM/ECF
p. 6.)  The Nebraska Court of Appeals likewise determined that,
as to Chae's ineffective assistance of trial counsel claims,
"Chae was either aware of the alleged deficiencies or they were
apparent from the record."  (*Id.* at CM/ECF pp. 6-7.)  In light of
the Nebraska state courts' "plain statement[s]" that they were
rejecting Chae's federal claims on independent and adequate state

---

        [2] This claim is Claim Five of the petition and is addressed
below.

procedural grounds, this Court is barred from addressing the post-conviction claims.  *Shaddy*, 890 F.2d at 1018.[3]  The post-conviction claims are therefore exhausted by procedural default and the Court cannot reach the merits of these claims unless Chae demonstrates cause and prejudice excusing the default.

## C.   Cause and Prejudice

To excuse a procedural default, a petitioner must demonstrate either cause for the default and actual prejudice as a result of the alleged violation of federal law, or, in rare cases, that failure to consider the claim will result in a fundamental miscarriage of justice.  *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  Although there is no precise definition of what constitutes cause and prejudice, "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Strickler v. Greene*, 527 U.S. 263, 283 n. 24 (1999); *see*

---

[3] It is difficult to determine whether Chae ever presented Claim Three to a Nebraska state court.  The Court liberally construes the post-conviction motion and appeal and treats Claim Three as raised in those proceedings.  However, even if Chae did not present Claim Three in his post-conviction motion, he is now barred from presenting that claim because he cannot submit a second motion for post-conviction relief where, as here, the basis for relief was clearly available at the time of his direct appeal and post-conviction motion.  *See Ortiz*, 670 N.W.2d at 792.  In short, Claim Three is procedurally defaulted because it was either raised too late (in his Post-Conviction Motion) or not raised at all.

*also Bell v. Attorney Gen. of the State of Iowa, 474 F.3d 558, 561 (8th Cir. 2007)* ("A cause is sufficient to excuse procedural default when it is external to the petitioner, and not attributable to the petitioner.").

The Court has carefully reviewed Chae's submissions in this matter. Even liberally construed, Chae does not argue that his procedural default should be excused due to cause and prejudice. Rather, Chae argues that the reasons set forth by the Nebraska courts for refusing to address his claims on the merits were not based on "independent and adequate" state-law grounds (Filing No. 28). In support of this argument, Chae cites four Nebraska cases in which he claims that the Nebraska courts did not determine that post-conviction claims which were or could have been raised on direct appeal are procedurally barred. (*Id.* at CM/ECF p. 21.) However, a review of these cases shows that Chae is simply incorrect. Indeed, in each of the cases cited by Chae, the Nebraska Supreme Court reiterated and applied the settled Nebraska law that issues which were or could have been raised on direct appeal may not be raised in a post-conviction motion.[4] Thus, the cases cited by Chae support the Court's

---

[4] Chae's argument rests primarily on *State v. York, 731 N.W.2d 597, 597 (Neb. 2007)*. In *York*, the Nebraska Supreme Court permitted the defendant's ineffective assistance of trial counsel claims to proceed in the post-conviction proceedings but only because the record was insufficient to proceed on those claims on direct appeal and the issue was therefore not "litigated." *Id. at 602-04*. Chae's situation is easily distinguished, given that

finding that the Nebraska Court of Appeals' decision was based on independent and adequate state law grounds.  In light of Chae's failure to demonstrate cause and prejudice excusing his procedural default, Claims Two (Parts Two-Four), Three, Four, Six, and Seven of this matter will be dismissed.

### III. *Claims Two (Part One) and Claim Five*

#### A.   Standard of Review

When a state court has adjudicated a habeas petitioner's claim on the merits, there is a very limited and extremely deferential standard of review both as to the facts and the law.  *See* 28 U.S.C. § 2254(d).  With regard to the deference owed to factual findings of a state court's decision, a federal court is bound by those findings unless the state court made a "decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(2).  In addition, a federal court must presume that a factual determination made by the state court is correct, unless the petitioner "rebut[s] the presumption

---

the Nebraska Court of Appeals specifically determined that "[a]lthough this court summarily disposed of [Chae's direct] appeal, we specifically found that the claims of ineffective assistance of counsel were without merit, and we would not have so found if the record was insufficient to consider the matter." (Filing No. 8-13, Attach. 13, at CM/ECF p. 7.)  Thus, Chae's claim that the Nebraska state courts do not "regularly, evenhandedly" apply its procedural default principles in light of *York* is without merit (Filing No. 21).

of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Further, Section 2254(d)(1) states that a federal court may not grant a writ of habeas corpus unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). As explained by the Supreme Court in *Williams v. Taylor*, 529 U.S. 362 (2000), a state court acts contrary to clearly established federal law if it applies a legal rule that contradicts the Supreme Court's prior holdings or if it reaches a different result from one of that Court's cases despite confronting indistinguishable facts. *Id.* at 399. Further, "it is not enough for [the court] to conclude that, in [its] independent judgment, [it] would have applied federal law differently from the state court; the state court's application must have been objectively unreasonable." *Rousan v. Roper*, 436 F.3d 951, 956 (8th Cir. 2006).

This high degree of deference only applies where a claim has been adjudicated on the merits by the state court. *See Brown v. Luebbers*, 371 F.3d 458, 460-61 (8th Cir. 2004) ("[A]s the language of the statute makes clear, there is a condition precedent that must be satisfied before we can apply the deferential AEDPA standard to [the petitioner's] claim. The

-14-

claim must have been 'adjudicated on the merits' in state
court.").  The Eighth Circuit recently clarified what it means
for a claim to be adjudicated on the merits, finding that:

> AEDPA's requirement that a
> petitioner's claim be adjudicated
> on the merits by a state court is
> not an entitlement to a well-
> articulated or even a correct
> decision by a state court
> . . . . Accordingly, the post-
> conviction trial court's discussion
> of counsel's performance --
> combined with its express
> determination that the ineffective-
> assistance claim as a whole lacked
> merit -- plainly suffices as an
> adjudication on the merits under
> AEDPA.

*Worthington v. Roper*, Nos. 09-1802 and 09-2000, 2011 WL 31529, *5
(8th Cir. Jan. 6, 2011) (quotations and citations omitted).  The
Court also determined that a federal district court reviewing a
habeas claim under AEDPA must "look through" the state court
opinions and "apply AEDPA review to the 'last reasoned decision'
of the state courts." *Id.*  A district court should do "so
regardless of whether the affirmance was reasoned as to some
issues or was a summary denial of all claims." *Id.*

   B.   **The *Strickland* Standard**

        Both of Chae's claims which the Nebraska court
adjudicated on the merits relate to the ineffective assistance of
counsel.  Claims of ineffective assistance of counsel are
reviewed under the two-pronged standard of *Strickland v.*

-15-

*Washington*, 466 U.S. 668, 694 (1984). *Strickland* requires that the petitioner demonstrate both that his counsel's performance was deficient, and that such deficient performance prejudiced the petitioner's defense. *Id.* at 687; *see also Bryson v. United States*, 268 F.3d 560 (8th Cir. 2001); *Williamson v. Jones*, 936 F.2d 1000, 1004 (8th Cir. 1991).

The first prong of the *Strickland* test requires the petitioner to demonstrate that his attorney failed to provide reasonably effective assistance. *Strickland*, 466 U.S. at 687-88. In conducting such a review the courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The second prong requires the petitioner to demonstrate "a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694; *see also Hubbeling v. United States*, 288 F.3d 363, 365 (8th Cir. 2002). A court need not address the reasonableness of the attorney's skills and diligence if the movant cannot prove prejudice under the second prong of this test. *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) (quoting *Cheek v. United States*, 858 F.2d 1330, 1336 (8th Cir. 1988)). Further, as set forth in *Strickland*, counsel's "strategic choices made after thorough investigation are virtually unchallengeable" in a later habeas corpus action. 466 U.S. at 689.

In addition, the Supreme Court has very recently emphasized that the deference due the state courts applies with vigor to decisions involving ineffective assistance of counsel claims. *Knowles v. Mirzayance*, 129 S. Ct. 1411, 1418-20 (2009) (reversing the Ninth Circuit Court of Appeals and holding that the decision of the California Court of Appeals, that the defendant was not deprived of effective assistance of counsel when his attorney recommended withdrawing his insanity defense during second phase of trial, was not contrary to or an unreasonable application of clearly established federal law; also concluding, among other things, that there was no reasonable probability that, but for counsel's alleged unprofessional error, the result of the proceeding would have been different).

In *Knowles*, the Justices stressed that under the *Strickland* standard, the state courts have a great deal of "latitude" and that "leeway" presents a "substantially higher threshold" for a federal habeas petitioner to overcome. Thus:

> The question "is not whether a federal court believes the state court's determination" under the *Strickland* standard "was incorrect but whether that determination was unreasonable -- a substantially higher threshold." *Schriro, supra, at 473, 127 S. Ct. 1933.* And, because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard. See *Yarborough v.*

*Alvarado*, 541 U.S. 652, 664, 124
S.Ct. 2140, 158 L.Ed.2d 938 (2004)
("[E]valuating whether a rule
application was unreasonable
requires considering the rule's
specificity.  The more general the
rule, the more leeway courts have
in reaching outcomes in
case-by-case determinations").

*Id.* at 1420.

### C.  **Chae's Claims Two (Part One) and Claim Five**

#### 1.  *State Court Findings*

For his Claim Two (Part One), Chae argues that his
trial counsel was ineffective because she failed to file a motion
or otherwise pursue a defense of not responsible by reason of
insanity (Filing No. 1).  Chae's appellate counsel briefed this
claim fully and the Nebraska Court of Appeals considered and
rejected it.  In doing so, the Nebraska Court of Appeals
summarily affirmed Chae's convictions and sentence, stating
"[c]laims of ineffective assistance of counsel and excessive
sentence are without merit."  (Filing No. 8-1, Attach. 1, at
CM/ECF p. 2.)  In its post-conviction appeal opinion, the
Nebraska Court of Appeals reiterated that "[a]lthough this court
summarily disposed of [Chae's direct] appeal, we specifically
found that the claims of ineffective assistance of counsel were
without merit, and we would not have so found if the record was
insufficient to consider the matter."  (Filing No. 8-13, Attach.
13, at CM/ECF p. 7.)

-18-

Regarding Claim Five, the Douglas County District Court determined that Chae's appellate counsel was not ineffective because:

> [T]he record affirmatively establishes that [Chae's] remaining purported claims were resolved in his plea in this case which was entered into freely, intelligently, voluntarily, and understandably. As set forth in *State v. Irish*, 223 Neb. 814 (1986): a defendant must be informed and understand the nature of the charges, the right of assistance by counsel, the right of confrontation, the right to a jury trial, and the privilege against self-incrimination. The record must also reflect that there is a factual basis for the plea, and that the Defendant knew the range of penalties for the crime with which he or she was charged. In this case, the Defendant was sufficiently advised of his rights under *Irish*, and his no contest pleas and guilty findings were entered satisfactorily.

(Filing No. 8-9, Attach. 9, at CM/ECF p. 87 (hyperlinks added).) Thus, because Chae waived his rights when he entered his no contest plea, his trial counsel could not have raised the issue on direct appeal and his appellate counsel was not ineffective for failing to raise trial counsel's failure to raise the issue. As in *Worthington*, the Douglas County District Court "decision leaves no question that it rejected [Chae's] ineffective assistance claim *in toto*." *Worthington*, 2010 WL 31529, at *5.

-19-

The Nebraska Court of Appeals affirmed the denial of relief
(Filing No. 8-13, Attach. 13, at CM/ECF pp. 1-1).[5]

  *2. Deference*

   Respondent argues that the foregoing findings of fact
and conclusions of law are entitled to deference under the
statutory standard of review that applies to factual and legal
conclusions reached by the state courts.  Indeed, as set forth
above, the Court must grant substantial deference to the Nebraska
state court decisions.  The Court has carefully reviewed the
record in this matter and finds that the Nebraska state court
decisions are not "based on an unreasonable determination of the
facts in light of the evidence presented in the State court
proceeding."  28 U.S.C. § 2254(d)(2).  Chae has not submitted any
evidence, let alone clear and convincing evidence, that the
Douglas County District Court or the Nebraska Court of Appeals

----

[5] The Nebraska Court of Appeals noted that the Douglas
County District Court denied relief on all claims contained in
the post- conviction motion, but questioned whether that Court
specifically considered Claim Five (Filing No. 8-13, Attach. 13,
at CM/ECF p. 8).  However, the Nebraska Court of Appeals denied
relief on Claim Five for a separate reason, that Chae failed to
raise Claim Five in his post-conviction appeal.  (*Id.*)  Thus,
even if Claim Five was not adjudicated on the merits by a
Nebraska state court, Chae is now barred from presenting that
claim because he cannot submit a second motion for post-
conviction relief where, as here, the basis for relief was
clearly available at the time of his direct appeal and post-
conviction motion.  *See Ortiz, 670 N.W.2d at 792.*  In short, the
Court finds that Claim Five was adjudicated on the merits by the
Douglas County District Court, but, even if it wasn't, Claim Five
is procedurally defaulted.

was incorrect in any of its factual determinations.  28 U.S.C. §
2254(e)(1).  The grant of a writ of habeas corpus is not
warranted here because the Nebraska state courts correctly
applied *Strickland* and other Supreme Court holdings.  In light of
these findings, Chae's Claims Two (Part One) and Five will also
be dismissed.  A separate order will be entered in accordance
with this memorandum opinion.

DATED this 11th day of January, 2011.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court

_____
     *This opinion may contain hyperlinks to other documents or
Web sites.  The U.S. District Court for the District of Nebraska
does not endorse, recommend, approve, or guarantee any third
parties or the services or products they provide on their Web
sites.  Likewise, the court has no agreements with any of these
third parties or their Web sites.  The court accepts no
responsibility for the availability or functionality of any
hyperlink.  Thus, the fact that a hyperlink ceases to work or
directs the user to some other site does not affect the opinion
of the court.